**Houghton FREEMAN, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, and Ann M. Venemann, Secretary of Agriculture, Defendants–Appellees.**

No. 01–6033.

United States Court of Appeals, Second Circuit.

April 20, 2001.

Thomas J. Amidon, Esq., Stowe, VT; Thomas M. Higgins, Esq., Pierson Wadhams Quinn & Yates, Burlington, VT, on the brief, for appellant.

Paul J. Van De Graaf, Assistant United States Attorney; David V. Kirby, United

States Attorney, District of Vermont, on the brief, Burlington, VT, for appellees.

Present WALKER, Chief Judge, McLAUGHLIN and POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is VACATED and the cause is REMANDED with direction to dismiss as moot.

Plaintiff Houghton Freeman appeals from a February 6, 2001 order of the United States District Court for the District of Vermont (Murtha, *Ch.J.*) dismissing Freeman's challenge to an order issued by defendant-appellee United States Department of Agriculture ("USDA"). The USDA order mandated seizure and destruction of Freeman's flock of imported East Friesian milk sheep.

Since Freeman filed his notice of appeal, the USDA has seized all of the sheep in question and destroyed them. Consequently, Freeman's claims for prospective relief are rendered moot by the USDA's seizure and destruction of the sheep; no prospective relief that we could provide would accrue to Freeman's benefit. Consequently, Freeman now lacks the sort of immediate, concrete stake in the outcome of the suit necessary to present the "case or controversy" required by Article III of the Constitution. *See Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 139–40 (2d Cir.1994).

■ Freeman makes two arguments in support of his contention that the case is not moot. First, he argues that the case is "capable of repetition, yet evading review." *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911). He argues that the USDA's declaration of emergency, which remains in effect, would allow the USDA to seize and destroy more of Freeman's animals, on the theory that they have been contaminated by exposure to the sheep. Although conceivable, at this point such a possibility is entirely speculative and therefore does not amount to the "reasonable expectation" of repetition required to find a dispute "capable of repetition." *Honig v. Doe*, 484 U.S. 305, 318 n. 6, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988).

■ Second, Freeman argues that his complaint included a claim for damages. To be sure, in ordinary circumstances, a damages claim is not mooted by subsequent events. *See, e.g., Boucher v. Syracuse Univ.*, 164 F.3d 113, 118 (2d Cir. 1999). We find, however, that Freeman waived such a claim when he failed to argue their merits in his brief on appeal. *See* Fed.R.App.P. 28(a)(5) (appellant's brief must include "a statement of the issues presented for appeal"); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995). Nevertheless, our decision should not be read to prejudice Freeman in any subsequent proceeding in the Court of Federal Claims in which he might seek compensation for the destruction of his sheep. *See* 21 U.S.C. § 134a(d) (providing for payment of "fair market value" for, *inter alia*, destroyed animals); *see, e.g., Julius Goldman's Egg City v. United States*, 697 F.2d 1051 (Fed.Cir.1983) (action for compensation under § 134a(d)).

■ The USDA has asked us to dismiss the appeal as moot, but we decline to dismiss outright. Rather, where a case has been mooted on appeal, the appellate court is required, in normal circumstances, to vacate the district court's order and remand with direction that the district court dismiss the case for want of jurisdiction. *See United States v. Munsingwear,*

340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950). Such an resolution is particularly appropriate where, as here, mootness is caused by the unilateral actions of the party who prevailed below. *See Penguin Books USA Inc. v. Walsh,* 929 F.2d 69, 73–74 (2d Cir .1991).

Accordingly, the judgment of the district court is hereby VACATED and the cause is REMANDED with direction to dismiss as moot.